# WESTON v. DISTRICT OF COLUMBIA.

MUNICIPAL REGULATIONS; GASOLINE, STORAGE OF; LICENSE.

An information in the police court against the proprietor of an automobile storage and repair house, charging him with storing and keeping gasoline for sale without a license, is not supported by evidence which shows that the defendant had a license to conduct such a business but had been refused a special license for the storage and sale of gasoline on the premises; that he did have a permit to store gasoline in an underground tank, half a block from his establishment; that from time to time each day as needed he procured gasoline from such tank for the supply of automobiles in his establishment, which remained therein from ten minutes to an hour awaiting the arrival of their owners, who had ordered them made ready for use; there being nothing in such evidence from which the sale of gasoline could be inferred and nothing to show that it was stored upon the premises, within the meaning of the regulation.

No. 1355.    Submitted March 3, 1904.    Decided April 5, 1904.

IN ERROR to the Police Court of the District of Columbia.
Reversed.

The facts are sufficiently stated in the opinion.

Mr. W. S. Duvall for the plaintiff in error.

Mr. A. B. Duvall, Corporation Counsel, Mr. E. H. Thomas and Mr. F. H. Stephens, Assistants, for the defendant in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

Frederick de B. Weston, having been convicted in the police court upon an information charging him with storing and keeping gasoline for sale without license, has been allowed a writ of error.

In another case between the same parties, recently decided, we have upheld the validity of the particular regulation under which this conviction was had [*ante,* 363]. It only remains, therefore, to consider whether the evidence recited in the bill of exceptions is sufficient to support the conviction.

Evidence was adduced tending to show that the defendant was licensed to conduct a general automobile storage and repair business at No. 1319 L street, N. W., that the building had been especially constructed for the purpose, with cement flooring, brick walls, and iron joists, and in so far as its construction was concerned is perfectly adapted for the business for which it was built. That although the defendant had applied for the special license required for the storage and sale of gasoline on said premises yet said license or permit had been refused, and he was without the special permit or license required by the police regulations.

The evidence also tended to show that gasoline is an absolute necessity (in that it is the motive force employed in the automobiles, and is also used in the cleansing of the various parts of the machinery) to the conduct of the business for which the defendant is duly licensed.

The evidence further tended to show that many times automobiles brought into the establishment for storage, etc., contained within their gasoline tanks more or less unused gasoline, and that such partially filled vehicles would be stored on the premises until their owners called for them.

The evidence also tended to show the fact that the defendant holds a license or permit to store gasoline in Stanton court, half a block away, in a tank buried under the ground in front of premises which it before occupied; and that it was a custom with him, several times a day, when necessary, to send to such gasoline storage tank in Stanton court, fill a 5-gallon can with gasoline, the can being such as is ordinarily delivered to householders by the oil companies, and transfer the same to premises No. 1319 L street, N. W., and on said premises to transfer the contents of the said can to the gasoline tanks built in the automobiles.

That in some instances such prepared automobiles would be immediately taken away by their owners, and at other times they would remain standing on the premises until called for by their owners, and that the period of time which they would thus stand filled upon the premises would vary from ten minutes to an hour, in accordance with the period of time consumed by the owner in arriving at the place.

There is nothing whatever in this evidence as recited from which the sale of the gasoline can be inferred; nor does it show that the same was stored upon the premises within the meaning of the regulation.

It appears that the plaintiff had a license for the storage of gasoline in a reservoir on premises near by. From time to time each day as needed he procured gasoline from this reservoir, for the supply of the small tanks of the vehicles under his care. After such supply these vehicles remained on the premises from ten minutes to an hour, awaiting the arrival of their owners who had ordered them made ready for use. The gasoline so supplied in order to make the vehicles ready for immediate use, as a matter of fact, may have been furnished under such conditions as to constitute a sale to the said owners; but, if so, there was no proof that such was the case.

The business carried on by the plaintiff in error on the premises, for which he held a license, was the storage and repair of automobiles. This necessarily included the vehicles under the necessary conditions of their ordinary use. One of these conditions was that an automobile would often be called out, used, and returned for safekeeping and attention until wanted again, with some unconsumed gasoline in its tank which was suffered to remain.

In our opinion, to store gasoline upon one's premises, within the meaning of the regulation, requires something more than this.

For these reasons the judgment will be reversed, with costs; and it is so ordered.                                    *Reversed.*